## No. 13,799.

JENSEN *v.* BOHM MEMORIAL COMPANY.
(66 P. [2d] 1273)

Decided April 5, 1937.

Mr. ALBERT G. CRAIG, Mr. RAY A. GUNNING, for plaintiff in error.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. CHARLES A. MURDOCK, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error is here seeking reversal of a judgment of $1,100 entered against her in favor of defendant in error upon a jury verdict. This amount was alleged to be due as the balance of the contract price for a marble memorial statue placed in her home, upon her order, by defendant in error. Herein reference will be made to the parties as plaintiff and defendant.

The complaint alleges employment of plaintiff by defendant upon written contract dated February 8, 1933, to erect in defendant's home a memorial of Italian marble in likeness of a bronze statue located on the Mullen plot in Mount Olivet Cemetery. The work was to be performed during the month of April or as soon thereafter as possible, for which the defendant agreed to pay $1,600, $500 of which was paid at the time of execution of the agreement, the balance of $1,100 to be paid upon completion of the work. A copy of the original contract is set out in the complaint, the first page being identified as Exhibit A, and the reverse side as Exhibit B. It is further alleged that March 27, 1933, the written contract, at the request of defendant, was altered as shown by Exhibit C in the complaint, and a copy of the reverse side thereof marked Exhibit D. It is alleged that plaintiff "performed all the conditions of said contract as amended * * * and said work was completed and accepted by defendant on August 16, 1933." On demand, defendant refused payment of the balance of $1,100.

Defendant by answer and counterclaim denied that the original contract was altered at her request, and alleged that the monument delivered was not made according to the dimensions and specifications contained in the original contract; that within reasonable time after delivery, she made examination and measurements of the monument and demanded that plaintiff remove it from her home and repay to her the sum of $500 which she had paid on the contract; she further alleges that she was induced to enter into the contract by the false representations of plaintiff.

The material provisions of the original contract, which is attached to and identified in the bill of exceptions as Exhibit A, are as follows:

"1—Memorial statue

"Material: Carrara Italian marble (best grade).

"Dimensions:

6' over all, Statue to be 5' 6"

Base to be 6" making total height 6' in all.

Inscription to be decided on and submitted for carving after statue arrives.

"Design:

To be carved in likeness to the bronze memorial located on the Mullen plot in Mount Olivet Cemetery. It is to be specifically understood that the Bohm Memorial Company shall take photographs, not less than eight from which the artist is to make his original image of Christ."

A paragraph on the back of the contract reads as follows:

"2. The terms of this contract, as they appear printed and written on this sheet, comprise the entire agreement between the parties, and no other agreement or modification of any kind will be recognized, unless the same is in writing, signed by the parties hereto."

The copy of the contract upon which alterations were made at defendant's request, as it is alleged, appears as Exhibit B in the bill of exceptions and is identical with Exhibit A, so far as the matter of dimensions is concerned, with the following additions:

"* * * Dimensions to be exactly as 'Mullen' statue. A variation of one inch in height is permitted.

Anton Bohm, Pres."

On the reverse side:

"* * * A white marble base 2-6x2-6x0-10 to be included in order at no extra cost.

A. Bohm, Pres."

It appears that the additions or modifications as above set out were written in the carbon copy of the original

contract delivered to defendant, by Anton Bohm, president of plaintiff company; that they were signed by him, but not signed by defendant.

Exhibit D, attached to the bill of exceptions, is a receipt signed by defendant, dated August 16, 1933, when the statue was placed in her home and is in the following words: "One 'Christ' marble Statue. Received in good condition as per contract."

The evidence clearly discloses that the statue, as delivered was, as admitted by defendant, a fine piece of workmanship and she stated, "I think that it is a beautiful statue of Christ." The evidence discloses without contradiction that the statue and base were not of the exact dimensions stipulated in the original contract; and that the variations may be approximated at from one to three inches as to the height of the statue and size of the base. It is to be observed that some variation is permitted, particularly under the terms of the modified contract upon which plaintiff relies.

In the last analysis, this case must rest upon the determination of the question of whether or not plaintiff can recover upon the contract as modified and this in turn depends upon whether or not defendant, not having signed the modified contract, can be held to have waived any of the provisions of the original. The evidence showing a compliance with the terms of the modified contract is amply sufficient to support the verdict in plaintiff's favor. The testimony as to what occurred between Bohm and defendant at the time the contract was modified by Bohm, is in sharp conflict by reason of defendant's denial of any change authorized by her, and her denial of any knowledge of the fact that alterations had been written on her copy. She testified in effect that she never looked at the contract after the discussion with Bohm until after this suit was instituted and then discovered the alterations. This conflicting evidence was submitted to the jury under court instructions clearly and correctly

guiding the jury on the matter of the change of contract, as appears from the following excerpts:

No. 2. "To warrant a verdict in favor of the plaintiff * * * you must find * * * that the original contract * * * was changed or altered in the manner alleged by the plaintiff, and that such change or alteration was made either at the request of the defendant or with her knowledge and consent, and also, you must further find * * * that the plaintiff complied with all the terms * * * set forth in said altered contract."

No. 6. "You are instructed that according to the terms of Exhibit A no other agreement or modification of any kind was to become operative unless the same had been reduced to writing and signed by the parties thereto * * * and this provision is binding on all the parties; but you are further instructed that this provision could * * * be modified, and the signature of defendant could be waived, if the parties who did sign Exhibit A afterwards changed the same and waived the signature of the defendant, and entered into the contract which is called Exhibit B, * * * and acted under the provisions of Exhibit B * * * and said contract Exhibit B was agreeable to both the defendant and the plaintiff, then the provisions of Exhibit B are binding on the defendant and the plaintiff."

No. 7, is of like tenor and effect. To these and all other instructions given by the court, no objections were made by either party. We must say that it surely appeared to the parties that this disputed question was submitted to the jury on instructions which were manifestly fair, and it could not have been misled as to the nature of the evidence necessary to support a finding in favor of plaintiff. It is clear, therefore, that the jury found that Exhibit B, the modified instrument, was the ultimate contract between the parties; that defendant waived the signing thereof; and that she consented to the modification; it is further evident that the jury believed there was a full compliance by plaintiff with the terms of the final con-

tract.   As to all these disputed questions, there was sufficient competent evidence, if believed by the jury, to sustain its verdict, which received the approval of the trial judge.   Reasons for the conclusiveness of such findings have been too often stated to require repetition.   There are no other assigned errors which merit discussion, and the judgment is affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE KNOUS concur.